UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DARNELL MILLER,
#202294,

    Petitioner,                                   Civil Action No. 21-CV-10681

vs                                              HON. BERNARD A. FRIEDMAN

CHANDLER CHEEKS,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE , DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is serving a life sentence for first-degree murder, MICH. COMP. LAWS § 750.316, and a sentence of six to fifteen years for unarmed robbery, MICH. COMP. LAWS § 750.530. The instant petition does not challenge these convictions. Rather, petitioner argues that the prison's allegedly inadequate response to the COVID-19 pandemic violates his rights under the Eighth Amendment by placing petitioner's "life in harms [sic] way" and "failing to abide by Governor Gretchen Whitmer's Executive Order . . . [and the prison's] own Policy Directives and Operating Procedures." Pet. at 1-2. Petitioner's requested remedy is release from custody. *See id.* at 3. For the following reasons, the Court shall dismiss the petition without prejudice, deny a certificate of appealability, and deny leave to proceed in forma pauperis on appeal.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules

Governing § 2254 Cases. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

A state prisoner filing a petition for a writ of habeas corpus must first exhaust available state court remedies.[1] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). In order to meet the exhaustion requirement, a prisoner must "fairly present" the factual and legal bases of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 680 (6th Cir. 2000). Moreover, "the habeas petitioner must present his claim to the state courts as a federal constitutional issue–not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). In Michigan, a state prisoner must raise each claim to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020).

In the instant case, petitioner does not allege that he has exhausted available state court remedies. The Court is aware of various avenues through which petitioner could raise his claims at the state level. For example, he may file a state habeas petition seeking a determination as to the legality of his continued confinement. *See Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, at *2 (6th Cir. Dec. 11, 2020); *Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482, 486 (Mich. Ct. App. 1986). He may also seek relief via a civil action in state court for

---

[1] The exhaustion requirement applies to state prisoners without regard to whether the petition is filed under § 2254 or § 2241. *See Collins v. Million*, 121 F. App'x 628 (6th Cir. 2005).

unconstitutional conditions of confinement. *See Kent Cty. Prosecutor v. Kent Cty. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987). Finally, when making pretrial and post-conviction confinement decisions, Michigan courts have shown a willingness to consider the impact of, and the need to mitigate, the effects of the COVID-19 pandemic. *See People v. Chandler*, 941 N.W.2d 920 (Mich. 2020) (noting that courts must consider "the public health factors arising out of the present public health emergency to mitigate the spread of COVID-19" when making pretrial detention decisions); *People v. Calloway*, No. 349870, 2020 WL 4382790, at *4 (Mich. Ct. App. July 30, 2020) (holding that the requirement set forth in *Chandler* applies to convicted prisoners).

The Court notes that a petitioner's failure to exhaust state court remedies may be excused if "there is an absence of State corrective process" or if "circumstances exist that render such process ineffective" to protect his rights. Section 2254(b)(1)(B). Petitioner states that he was informed that his "grievances would be rejected . . . because [COVID-19] affects mutually all prisoners like me with underlying [health] issues." Pet. at 2. Consequently, he contends, "[t]here's an absense [sic] of state corrective process or circumstances exist that render such process ineffective." *Id*. However, even accepting petitioner's assessment of the prison grievance process, he has not shown that relief for his claims is unavailable in the Michigan courts. The petition must, therefore, be dismissed for failure to satisfy the exhaustion requirement. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice.

3

IT IS FURTHER ORDERED that no certificate of appealability shall issue, as petitioner has failed to make "a substantial showing of denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because no appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

s/Bernard A. Friedman
Bernard A. Friedman
Dated: April 19, 2021           Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 19, 2021.

Eric Darnell Miller #202294           s/Johnetta M. Curry-Williams
THUMB CORRECTIONAL FACILITY           Case Manager
3225 JOHN CONLEY DRIVE
LAPEER, MI 48446